UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| TROY BLIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:22-cv-00094-LEW |
| | ) | |
| AROOSTOOK COUNTY SHERIFF'S | ) | |
| DEPARTMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON DEFENDANTS' MOTION FOR SANCTIONS

Defendants Aroostook County Sheriff's Department, *et al.*, have moved for sanctions of dismissal (ECF No. 19) due to Plaintiff's failure to respond to written discovery requests. For the reasons that follow, the motion is denied.

## BACKGROUND

This case arises out of incidents alleged by Plaintiff to have occurred while he was incarcerated and held by the Aroostook County Sheriff's Department. Plaintiff contends that he received physical and emotional injuries during a motor vehicle crash that occurred in March of 2019 and an assault that occurred in April of 2019. Plaintiff claims continued harassment and threats from jail staff and continued physical pain and post-traumatic stress triggered and heightened by his incarceration at Aroostook County Jail.

On April 13, 2022, Plaintiff filed a Complaint (ECF No. 1) pro se requesting injunctive relief preventing his incarceration within Aroostook County Jail and requesting the court to issue an order preventing continued exposure to conditions that amount to cruel

and unusual punishment. On June 14, 2022, Defendants filed his Answer to Plaintiff's Complaint (ECF No. 8) raising several affirmative defenses and denying all allegations.

On June 15, 2022, Magistrate Judge John Nivison issued a Scheduling Order (ECF No. 9) that required all discovery to be completed by November 2, 2022. On August 22, 2022, Defendants filed a Request for Hearing regarding a Discovery Dispute (ECF No. 13). Defendants claimed that "[o]n June 28, 2022, counsel for Defendants sent to Plaintiff a request for production of documents and a set of interrogatories. Counsel wrote to Plaintiff on August 2, 2022, regarding the discovery requests and the lack of a response. To date, counsel has received no response from Plaintiff." On August 22, 2022, Judge Nivison issued an order that the Court did not discern any reason for a discovery conference and required Plaintiff to serve upon Defendants the answers to interrogatories and his response to the document request on or before September 6, 2022. Judge Nivison warned Plaintiff that if he failed to serve responses to discovery by the required date that the Court could impose sanctions, which could include the dismissal of Plaintiff's claims.

On September 26, 2022, Defendants filed a Motion for Sanction of Dismissal (ECF No. 19). The Defendants argue that since the time of Judge Nivison's August 22, 2022 order Plaintiff has failed to serve answers to interrogatories or a response to the document request. On October 7, 2022, Plaintiff filed a Response to this Motion (ECF No. 20) in which he claims he provided a response to the Defendants requests on August 12, 2022, just prior to his transfer from the Cumberland County Jail to the Maine Correction Center. The Plaintiff claims that at that time he provided as complete of a response as possible

given that he is currently incarcerated. Plaintiff then highlighted that Defendants failed to respond to the requests that had been submitted to them by Plaintiff.

On October 12, 2022, Defendants Replied to the Response (ECF No. 21) stating that they received nothing from the Plaintiff other than his response to their Motion for Sanctions and his attempt to initiate discovery against the Defendants, which was received almost two weeks after the Court's deadline for discovery. On November 14, 2022, Plaintiff filed a Sur-Reply (ECF No. 24) to the Motion for Sanctions in which he outlines his limited access to legal materials and Defendants hindering his ability to access the courts by bouncing him from different facilities. The Plaintiff is now in the State's custody and explains that he now has an ability to provide written responses and this capability will expand in the early part of December when the Plaintiff is released from custody. The Plaintiff requests that the Court extend the initial discovery deadline and represents that he is prepared to provide his responses at this time.

On November 18, 2022, Defendants filed a Response to Plaintiff's Sur-Reply (ECF No. 24). They argue that the Sur-Reply should not be considered because it was filed without leave of the court and submit that the Sur-Reply raised no new factual issues or circumstances that would justify extending the discovery period.

## DISCUSSION

"We begin our analysis with the unarguable proposition that courts cannot effectively administer justice unless they are accorded the right to establish orderly processes and manage their own affairs. The authority to order sanctions in appropriate cases is a necessary component of that capability." *Young v. Gordon*, 330 F.3d 76, 81 (1st

Cir. 2003). Pursuant to Federal Rules of Civil Procedure 37(b)(2)(A), a Court may impose a sanction if a party fails to obey a discovery order. One possible sanction is "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).

The First Circuit has continuously recognized that a failure of the plaintiff to prosecute or comply with a court order, in and of itself, is grounds for dismissal with prejudice. *E.g.*, *Torres–Vargas v. Pereira*, 431 F.3d 389, 393 (1st Cir. 2005); *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 5 (1st Cir. 2002); *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 47 (1st Cir. 2002). However, this harsh sanction should only be employed when a plaintiff's misconduct has been particularly extreme or egregious. *Benitez-Garcia v. Gonzalez-Vega*, 468 F.3d 1, 5 (1st Cir. 2006); *Figueroa Ruiz v. Alegría,* 896 F.2d 645, 647 (1st Cir. 1990).

This hesitancy to use such a harsh punishment stems from the judicial policy favoring the disposition of cases based on the merits. *Velazquez–Rivera v. Sea–Land Service, Inc.,* 920 F.2d 1072, 1075–76 (1st Cir.1990). "Dismissal as a sanction is reserved for cases of extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstances." *Doyle v. Town of Scarborough*, No. 2:15-CV-00227-JAW, 2017 WL 118019 (D. Me. Jan. 12, 2017) (citing *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 81 (1st Cir. 2009)). When such disobedience occurs, the court must consider the totality of the events and from there choose from the broad universe of available sanctions in order to

find a punishment that fits the severity of transgression. *Young*, 330 F.3d at 81.[1] "Common considerations in assessing what sanction is appropriate include the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions." *Afreedi v. Bennett*, 517 F. Supp. 2d 521, 527 (D. Mass. 2007) (citing *Benitez-Garcia v. Gonzalez-Vega*, 468 F.3d 1, 5 (1st Cir. 2006)).

---

[1] *E.g.*, *Companion Health Services, Inc. v. Kurtz*, 675 F.3d 75 (1st Cir. 2012) (declining to uphold the district court sanction of dismissal because the district court based dismissal on a single instance, for which there were significant and legitimate mitigating excuses, and did not make sufficient factual findings to support its ultimate sanction); *Malloy v. WM Specialty Mortg. LLC*, 512 F.3d 23 (1st Cir. 2008) (holding that Plaintiff's violation of court's discovery order was severe enough to warrant dismissal of action against mortgage companies with prejudice, where by the time the dismissal became effective, the plaintiff's discovery responses were more than seven months overdue under applicable rules and more than five months overdue under motion to compel, and violation was part of a broader pattern of delay); *Benitez-Garcia v. Gonzalez-Vega*, 468 F. 3d 1 (1st Cir. 2006) (holding that students' failure to meet three discovery deadlines in single order did not warrant dismissal with prejudice in civil rights action; students missed the deadlines by four, three, ad two and one-half months and did not engage in extreme misconduct or pattern of repeatedly flouting court orders, and the defendants did not explain how the delay affected ability to litigate issues in context of broader schedule for the case); *Giancola v. Johnsondiversey*, 157 Fed. Appx. 320 (1st Cir. 2005) (unpublished) (holding that dismissal was an appropriate sanction for plaintiff's repeated failure to show up at his scheduled depositions and to produce relevant documents requested by the defense, where District Court had previously warned plaintiff that dismissal was a possible sanction, and plaintiff's noncompliance was not a single isolated mishap); *Hinkle v. Gentry*, 529 F. Supp. 2d 281 (D. Mass. 2008) (holding that dismissal of action brought by plaintiff proceeding pro se was appropriate sanction for discovery abuse, where discovery abuse had been severe, virtually paralyzing the progress of the case, no legitimate excuses had been offered, the dereliction had been repeated, and prejudice to opposing parties had been substantial; moreover, the several futile enlargements given to plaintiff, and the numerous unfulfilled promises to comply with basic discovery obligations, made it clear that no sanction other than dismissal was appropriate); *Melendez v. SAP Andina y del Caribe, C.A.*, 518 F. Supp. 2d 344 (D.P.R. 2007) (holding that dismissal of plaintiff's discrimination action against prospective employer with prejudice for failure to comply with an order or for failure to prosecute was warranted, where plaintiff had been apprised on numerous occasions that his lack of diligence, his failure to comply with orders of the court, and his challenged attitude in not making himself available for depositions, were to be the subject of sanctions, including dismissal, and despite those warnings, plaintiff failed to comply with discovery and orders of the court).

I do not feel the need to address the arguments made in Plaintiff's Sur-Reply or Defendants' Response because my outcome can be drawn without the contribution of these submissions.

As to the facts and circumstances that surround this discovery violation, as is true with all of life's vagaries, context matters.  Plaintiff is incarcerated and representing himself, and has been transferred from facility to facility, and is two and a half months late regarding responses to written discovery requests. This violation is neither extreme nor egregious under the mitigating circumstances and excuses.[2]

Plaintiff also claims that he made a response to this discovery request back on August 12, 2022, and that he is prepared to provide this discovery again.  "A litigant's good faith attempt to comply with a discovery rule is generally a legitimate excuse for an inadvertent or unintentional violation, for purposes of determining whether sanction is warranted." *Angiodynamics, Inc. v. Biolitec AG,* 991 F. Supp. 2d 283, 291 (D. Mass. 2014).

A pro se litigant is entitled to some special consideration, but this status does not provide a basis on which to completely excuse noncompliance. *Hinkle v. Gentry*, 529 F. Supp. 2d 281, 282 (D. Mass. 2008); *Taylor v. Woods*, 241 F.R.D. 421, 423 (D.R.I. 2006). However, I take Plaintiff at his word that now freed from the limitations that previously impeded his ability to conform to the rules of discovery and this Court's orders that he will promptly and fulsomely respond to outstanding discovery requests but in any event no later than December 16, 2022.   Should there be any further examples of Plaintiff's

---

[2] *Companion Health Services, Inc. v. Kurtz*, 675 F.3d 75 (1st Cir. 2012) (holding that "a severe sanction for discovery violations, such as default or dismissal, is inappropriate in most cases when based on one incident").

noncompliance, I will be much more inclined to consider dismissal with prejudice as a proportionate sanction.  Any other requests for modification to the discovery deadlines should be presented to the Magistrate Judge for consideration.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Sanctions (ECF No. 19) is DENIED.

**SO ORDERED.**

Dated this 2nd day of December, 2022.

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE