UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| TROY BLIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:22-cv-00094-LEW |
| | ) | |
| AROOSTOOK COUNTY SHERIFF'S | ) | |
| DEPARTMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER OF DISMISSAL**

On December 2, 2022, I issued an order denying Defendants' first motion for sanctions in which I advised Plaintiff:

> I take Plaintiff at his word that now freed from the limitations that previously impeded his ability to conform to the rules of discovery and this Court's orders that he will promptly and fulsomely respond to outstanding discovery requests but in any event no later than December 16, 2022. Should there be any further examples of Plaintiff's noncompliance, I will be much more inclined to consider dismissal with prejudice as a proportionate sanction.

Order on Defs.' Mot. for Sanctions at 6-7 (ECF No. 28).

On December 19, 2022, Defendants filed their second motion (ECF No. 30) seeking the sanction of dismissal or, in the alternative, a continuance of 60 days. Defendants explained that Plaintiff had not fully complied with the prior order concerning discovery.

On December 22, 2022, the Court received from Plaintiff a notification of his change of address.

On December 27, 2022, Defendants filed a notice with the Court in which they advised that they had heard from Plaintiff in a letter dated December 12 (while Plaintiff was still incarcerated), and that the letter included a partial response to their outstanding interrogatories. A review of the letter itself reflects that Plaintiff appears to contemplate filing an amended complaint and providing a further discovery response upon Defendants' production of certain documents.

Also on December 27, 2022, the Court resent notice to Plaintiff concerning the scheduling of a final pretrial conference (FPTC) on January 19, 2023, using his new address. The Court subsequently rescheduled the FPTC to February 8, 2023, and again sent notice to Plaintiff at his new address.

On February 8, 2023, Plaintiff failed to appear for the Magistrate Judge's telephonic FPTC. That same day, I issued an order reciting the foregoing evidence of Plaintiff's failure to prosecute the case and directing Plaintiff to show cause, on or before February 24, why the case should not be dismissed for failure to prosecute. Plaintiff failed to file a response to the show cause order.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 – 31 (1962)). Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action for a party's failure to prosecute and failure to comply with the Court's orders.

Based on Plaintiff's failure to diligently attend to this case, including his failure to appear at the Magistrate Judge's FPTC and his subsequent failure to respond to the show cause order, the matter is **HEREBY DISMISSED**.

SO ORDERED.

Dated this 13th day of March, 2023.

                                        /s/ Lance E. Walker
                                      UNITED STATES DISTRICT JUDGE